1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9   GREGORY M. MOORE,

10          Plaintiff,                        No. 2:12-cv-2125-LKK-EFB PS

11      vs.

12   WELLS FARGO BANK, N.A.;
    CAL-WESTERN RECONVEYANCE
13   CORPORATION; DOES 1-20, inclusive,
                                              ORDER AND
14          Defendants.                       FINDINGS AND RECOMMENDATIONS
    _____/

15

16          This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

17   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On August 14,

18   2012, defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank

19   Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World

20   Savings Bank, FSB ("Wells Fargo") removed this action from Placer County Superior Court.[1]

21   Dckt. No. 1.  Then, on August 21, 2012, Wells Fargo filed a motion to dismiss plaintiff's

22   complaint, and noticed the motion for hearing on October 3, 2012.  Dckt. No. 6.  On September

23   19, 2012, plaintiff filed an opposition to the motion to dismiss and a motion to amend his

24   complaint.  Dckt. No. 10.

25

26          [1] Defendant Cal-Western Reconveyance Corporation ("Cal-Western") also filed a notice of
    consent to the removal on August 14, 2012.  Dckt. No. 2.

                                              1

However, before the court can address the merits of Wells Fargo's motion to dismiss or plaintiff's motion to amend, the court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet that burden.

Here, Wells Fargo's notice of removal is predicated upon the court's diversity jurisdiction. Dckt. No. 1 at 1; *see also* 28 U.S.C. § 1332 (providing that a district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs). The notice of removal states that there is complete diversity of citizenship between the parties since plaintiff is a citizen of California, Wells Fargo is a citizen of South Dakota, and Cal-Western's California citizenship should be ignored since Cal-Western is a nominal defendant and was fraudulently joined. Dckt. No. 1 at 2-16.

As an initial matter, although Wells Fargo argues at great length in its notice of removal that, as a national bank, it is only a citizen of South Dakota, "the State in which its main office, as set forth in its articles of incorporation, is located." *Id.* at 3 (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006) ("*Schmidt*")). Wells Fargo contends that, although *Schmidt* did not decide whether a national bank may also be a citizen of the state that is its principal place of business, the post-*Schmidt*, published decisions hold that a national bank is only a citizen of one state. *Id.* at 3-5 (citing *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011) ("*WMR*"). Wells Fargo acknowledges the dissent in *WMR*, and a number of California district court cases, which have found Wells Fargo to be a California citizen in reliance upon *American Surety v. Bank of Cal.*, 133 F.2d 160 (9th Cir. 1943), a Ninth

2

1    Circuit case holding that a national bank's principal place of business is used to determine

2    citizenship.  However, Wells Fargo argues that the *WMR* dissent and the district court cases were

3    wrong to rely on *American Surety* since that case is no longer viable.  Dckt. No. 1 at 5-12.  Wells

4    Fargo argues that "(I) *Schmidt* has abrogated *American Surety*; (ii) *American Surety's* premise

5    that 'located' is undefined was superseded by statute in 1994, as pointed out by *Schmidt*; (iii)

6    importantly, *American Surety's* application of the principal place of business test, even to

7    corporations, was wrong according to the Supreme Court in [*The Hertz Corp. v. Friend*, 130 S.

8    Ct. 1181 (2010)]; and, (iv) *American Surety* is not controlling under Ninth Circuit law because it

9    merely assumed that the principal place of business test was the correct standard for purposes of

10   reaching a decision on the merits."  *Id.* at 6.

11        District courts in the Ninth Circuit are divided about whether a national bank is only a

12   citizen of the state in which its main office, as set forth in its articles of incorporation, is located,

13   or whether it is also a citizen of the state where it has its principal place of business.  *Yong Chull*

14   *Kim v. Wells Fargo Bank, N.A.*, 2012 WL 3155577, at *2-3 (N.D. Cal. Aug. 2, 2012) (compiling

15   cases).  However, earlier this year, in *Taheny v. Wells Fargo Bank, N.A.*, 2012 WL 1120140

16   (E.D. Cal. Apr. 3, 2012), the district judge assigned to this case expressly re-affirmed his earlier

17   holding in *Guinto v. Wells Fargo Bank, N.A.*, 2011 WL 4738519 (E.D. Cal. Oct. 5, 2011), that

18   *American Surety* is binding authority and that, therefore, a national bank is also citizen of the

19   state where it has its principal place of business.  2012 WL 1120140, at *1; *see also Rodriguez v.*

20   *Wells Fargo Bank, Nat. Ass'n*, 2012 WL 1940572 (S.D. Cal. May 25, 2012).  The court held

21   that, under the authority of *American Surety*, Wells Fargo is a citizen of California since that is

22   the state where it has its principal place of business, even though, based on *Schmidt*, it is also a

23   citizen of South Dakota, the state in which its main office, as set forth in its articles of

24   incorporation, is located.  2012 WL 1120140, at *1.  For the reasons expressed in the *Taheny*

25   opinion, this court concludes that Wells Fargo is a citizen of both California *and* South Dakota.

26   Accordingly, complete diversity among the parties is lacking.

Moreover, even if Wells Fargo was not a citizen of California, complete diversity would still be lacking here since Wells Fargo does not dispute that Cal-Western is a California citizen. Dckt. No. 1 at 14-15.  Although Wells Fargo argues that Cal-Western's California citizenship should be disregarded since it is a nominal defendant and was fraudulently joined, Wells Fargo has not met its burden of establishing either of those facts.  *See Boggs v. Wells Fargo Bank NA*, 2012 WL 2357428, at *2-5 (N.D. Cal. June 14, 2012).

Under the "sham" or "fraudulent" joinder doctrine, the citizenship of a non-diverse party may be disregarded if the district court determines that no possible cause of action has been stated against that party.  *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001). There is a "general presumption against fraudulent joinder" and the defendant's burden of demonstrating that a joinder is fraudulent is a "heavy" one.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).  In addition, courts ordinarily do not consider a non-diverse defendant's defenses on the merits in determining whether that defendant's joinder was "fraudulent."  *Id.* at 1044.

According to Wells Fargo, "as trustee under the deed of trust – a limited agent or stakeholder for purposes of effectuating non-judicial foreclosure actions," Cal-Western is merely a nominal party who was fraudulently joined.  Dckt. No. 1 at 14.  Wells Fargo points to the declaration of non-monetary status filed by Cal-Western and argues that "Cal-Western has no financial interest in the subject property and otherwise does not owe any duty to plaintiff."  *Id.* at 15.  Wells Fargo further contends that any act pertaining to Cal-Western's role as the servicing trustee is privileged under California law.  *Id.*

California Civil Code section 2924l permits a trustee to declare "non-monetary status" if it "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee."  Cal. Civ. Code § 2924l(a).  However, that statute also provides for a 15-day objection period.  *Id*. § 2924l(d).  "A party that files a declaration of

4

1    non-monetary status does not actually become a nominal party until 15 days pass without

2    objection." *Sun v. Bank of Am. Corp.*, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010).  Here,

3    Cal-Western did not file its declaration of non-monetary status until August 13, 2012, the day

4    before this action was removed to this court.  Dckt. No. 1 at 15, n.3.  Therefore, even if the

5    declaration of non-monetary status could have transmuted Cal-Western into a nominal party,[2]

6    here it did not do so since the 15 day objection period did not run, and as a result, Cal-Western's

7    non-monetary status was not perfected.  *Boggs*, 2012 WL 2357428, at *3; *Hernandez v. First*

8    *Horizon Loan Corp.*, 2011 WL 2531959, at *2 (N.D. Cal. Jun. 24, 2011) (granting motion to

9    remand where defendants removed less than fifteen days after the trustee defendant filed a

10   declaration for non-monetary status); *Wise v. Suntrust Mortg., Inc.*, 2011 WL 1466153, at *4

11   (N.D. Cal. Apr. 18, 2011) (same).

12          Additionally, although Wells Fargo argues that Cal-Western has no financial interest in

13   the subject property and otherwise does not owe any duty to plaintiff, and that any act pertaining

14   to Cal-Western's role as the servicing trustee is privileged under California law, Wells Fargo has

15   not carried its heavy burden of showing that the joinder of Cal-Western was fraudulent or a

16   sham.  As discussed above, courts ordinarily do not consider a non-diverse defendant's defenses

17   on the merits in determining whether that defendant's joinder was "fraudulent."  *Hunter,* 582

18   F.3d at 1044; *see also Osorio v. Wells Fargo Bank*, 2012 WL 2054997, at *2 n. 2 (N.D. Cal.

19   June 5, 2012) ("a declaration of non-monetary status does not render Cal-Western a nominal

20   party if it acted improperly as a trustee, if plaintiff has stated a claim for monetary damages

21   against Cal-Western, or if Cal-Western has a stake in the action against Wells Fargo.").

22   _____

23          [2] Courts disagree regarding the effect of a declaration of non-monetary status for purposes
     of diversity jurisdiction.  *Compare Hershcu v. Wells Fargo Bank, N.A.*, 2012 WL 439698, at *2
24   (S.D. Cal. Feb. 10, 2012) ("The citizenship of Cal–Western may not be ignored for diversity
     purposes because it has filed a declaration of non-monetary Status") *with  Cabriales v. Aurora Loan*
25   *Servs.*, 2010 WL 761081, at *2 (N.D. Cal. Mar. 2, 2010) (filing of declaration by trustee
     "transformed it into a nominal party whose citizenship is disregarded for purposes of assessing
26   diversity jurisdiction").

Therefore, Cal-Western's California citizenship will not be disregarded.

Because plaintiff and both defendants are citizens of California, this court does not have diversity jurisdiction over this action.  Additionally, a review of the complaint reveals that plaintiff does not allege any federal claims.  Dckt. No. 1-1 at 2-6 (Compl.).  Therefore, because defendants have not adequately established diversity or federal question jurisdiction, the court lacks subject matter jurisdiction and must remand the case.  *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS HEREBY ORDERED that:

1.  The October 3, 2012 hearing on Wells Fargo's motion to dismiss is vacated; and

2.  The December 12, 2012 status (pretrial scheduling) conference is vacated.[3]

IT IS FURTHER RECOMMENDED that:

1.  The above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Placer; and

2.  Wells Fargo's motion to dismiss, Dckt. No. 6, and plaintiff's motion to amend, Dckt. No. 10, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

////

---

[3] As a result, the parties are not required to submit status reports as provided in the August 15, 2012 order. *See* Dckt. No. 4.  However, if the recommendation of remand herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  September 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE